*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 12-CV-1902

CONSIGLIA STACEY GROVE, APPELLANT,

v.

LOOMIS SAYLES & COMPANY, L.P., *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAP-3159-11)

(Hon. Joan Zeldon, Trial Judge)

(Argued October 24, 2013                    Decided February 27, 2014)

*Barton D. Moorstein* for appellant.

*Douglas E. Brayley*, of the bar of the State of Massachusetts, *pro hac vice*, by special leave of court, with whom *Lucy C. Hynes* of the District of Columbia bar, and *Peter L. Ebb* of the bar of the State of Massachusetts, *pro hac vice*, by special leave of court, were on the brief for appellee Loomis Sayles & Company, L.P.

*Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Donna M. Murasky*, Deputy Solicitor General, and *Richard S. Love*, Senior Assistant Attorney General, filed a Statement in Lieu of Brief, for appellee District of Columbia.

Before WASHINGTON, *Chief Judge*, FISHER, *Associate Judge*, and REID, *Senior Judge*.

REID, *Senior Judge*:  Appellant, Consiglia Stacey Grove, challenges the "no

probable cause" finding of the Office of Human Rights ("OHR") with respect to her age discrimination complaint against Loomis Sayles & Company, L.P. ("Loomis"). We hold that (1) OHR imposed an improper and higher burden of proof on Ms. Grove at the probable cause stage of her claim; and (2) at the probable cause stage, OHR was required to determine only whether Ms. Grove's claims were reasonable and made out a *prima facie* claim. Because OHR determined that Ms. Grove made out a *prima facie* claim but imposed upon her additional burdens of proof at the probable cause stage, we are constrained to reverse the judgment of the Superior Court and to remand this case to OHR for a proper probable cause determination and further proceedings, as necessary.

## FACTUAL SUMMARY

The record reveals that Loomis is an investment management firm, with a main office in Massachusetts and smaller offices in other parts of the country. When Ms. Grove filed her complaint, Loomis had East Coast employees in North Carolina, the District of Columbia, and Pennsylvania. Ms. Grove worked in the District of Columbia office as an administrative assistant in the Institutional Sales Department. She provided administrative support to three client services managers in the District, and remotely, to one manager in North Carolina, and one in

Pennsylvania.

Between May 1, 2009, and July 1, 2009, Loomis conducted a reduction in force ("RIF") and terminated four employees in the Institutional Sales Department: two client services managers (Vice Presidents) in the District (ages 64 and 69), one client services manager (Vice President) in Detroit (age 80), and Ms. Grove (age 34). At the time of her termination, effective May 1, 2009, Ms. Grove had worked at Loomis since 1997.

Ms. Grove filed an employment intake questionnaire with the District's Office of Human Rights on August 4, 2009, followed by a complaint on October 9, 2009. She alleged that Loomis informed her on March 9, 2009, that she would be discharged (due to "insufficient work for [her] to perform"), that she was the only administrative assistant laid off, that she "was replaced by a less experienced employee" (in her twenties), that "this individual had plenty of work assignments upon her arrival," and that Ms. Grove "believe[d] that [Loomis'] decision to lay [her] off was a maneuver to shield itself from possible age discrimination litigation stemming from the three Vice Presidents (all over 60) whom Loomis laid off." She further averred that Loomis "included [her] in its lay off scheme so that it could utilize [her] as an example of an employee (under 40 years old) that was laid off

outside of the protected class set forth by the federal Age Discrimination in Employment Act of 1967, as amended."

In its response, lodged with OHR on December 9, 2009, Loomis asserted that its RIF action resulted from the fact that at the end of 2008, it "fac[ed] a severe business downturn" because the assets that it managed "decreased by approximately $32 billion" and it "needed to reduce operating expenses by $20 million." Loomis decided to retain two higher level Institutional Sales Department employees in the District who were deemed essential, as well as the office manager for the department who also served as the administrative assistant to one of these employees. Because Ms. Grove provided administrative support for two of the higher level employees designated to be laid off, and because the third person to whom she provided administrative assistance "required only minimal support," Ms. Grove's position was identified as non-essential and, as a result, she was terminated. Subsequent to its preliminary RIF decision, Loomis terminated a Boston-based administrative assistant for "performance-related reasons," and the need for another administrative assistant in the Boston office (with 454 employees) became apparent. Loomis gave the Institutional Sales Administrator a choice of retaining Ms. Grove or filling the Boston administrative support position. However, Ms. Grove had indicated her intent to return to school and confirmed in an email, dated May 15,

2009, that school would begin the day after Labor Day. The remainder of Loomis' response concerned its challenge to Ms. Grove's legal theory and its assertion of a legitimate, nondiscriminatory reason for including Ms. Grove in the RIF.

Following its investigation of Ms. Grove's complaint, OHR issued a letter of determination on July 27, 2010, "find[ing] no probable cause to believe [Loomis] subjected [Ms. Grove] to disparate treatment on the basis of age (35) when [Loomis] selected [her] for a layoff, to shield itself from possible age discrimination litigation from three (3) Vice Presidents (all over 60), who were laid off with [her]." OHR concluded that Ms. Grove had presented a *prima facie* case. Nevertheless, OHR declared that she could not prevail on her complaint, because "OHR finds that [Loomis] successfully demonstrates that its business decision was [not] motivated by discrimination." That is, Ms. Grove "fail[ed] to demonstrate [or prove] pretext." Furthermore, OHR stated that "in proving that the protected classes were substantial factors in the adverse action, a Complainant may introduce evidence that a 'similarly situated' person outside Complainant's protected class was treated more favorably," but OHR declared that Ms. Grove "fails to demonstrate that [a San Francisco-based administrative assistant] was similarly situated to [her]." OHR added that Ms. Grove "does not demonstrate that the individuals that [the San Francisco-based administrative assistant] supported were terminated or that her responsibilities could

have been successfully absorbed."

Ms. Grove filed a petition for review in the Superior Court of the District of Columbia. The Superior Court affirmed OHR's decision, essentially on the basis that substantial record evidence supported OHR's determination. Although OHR made no finding about the younger Boston-based, newly-hired administrative assistant about whom Ms. Grove had made allegations in her complaint, the Superior Court asserted that OHR took "the younger, Boston-based administrative assistant into account in its decision." In addition, the Superior Court declared that "substantial evidence would support a finding that – like the older, San Francisco-based administrative assistant – the newly-hired younger, Boston-based administrative assistant was not similarly situated to Ms. Grove." The court rejected Ms. Grove's argument that due process required "a full evidentiary hearing . . . once she has shown a *prima facie* case of discrimination."

## ANALYSIS

In essence, Ms. Grove mainly complains that OHR used the wrong standard in finding no probable cause, and consequently, OHR denied her a proper opportunity to be heard regarding Loomis' justification of her termination. She states that she

"has established a *prima facie* case of discrimination," that where it is arguable that [Loomis'] justification is a pretext for the discriminatory action," she is entitled to a "meaningful opportunity to be heard," that is, "a full evidentiary hearing."

Loomis supports OHR's letter of determination and mainly contends that the record contains "substantial evidence" to support OHR's no probable cause finding. Loomis claims that "[i]n her appeal to this [c]ourt, [Ms. Grove] "puts forth no evidence to contradict [its] well-documented account of the financial considerations leading to the regrettable but necessary cost-cutting measures that included Ms. Grove's layoff." Loomis also maintains that Ms. Grove was afforded adequate procedural protections before OHR; and that instead of petitioning the Director for reconsideration on the basis of "misapplication of law, material misstatement of fact, or discovery of evidence not available during the investigation," she chose to go directly to the Superior Court.[1]

---

[1] We note that Ms. Grove was not required to file a petition for reconsideration with OHR. Nothing in 4 DCMR § 716.3 or § 720 (2013), which provide for and discuss reconsideration in this type of complaint mandates reconsideration. Indeed, OHR's letter of determination stated that: "Complainant may apply for reconsideration . . .," and further stated that if she "does not file a request for reconsideration with OHR, [she] has three years . . . to file a petition for review with the District of Columbia Superior Court."

"Although this is an appeal from the Superior Court, we must approach the case as if the appeal rose directly from the administrative agency." *Smith v. District of Columbia Office of Human Rights*, 77 A.3d 980, 990 (D.C. 2013) (internal quotation marks and citation omitted). Our review of legal conclusions is *de novo*, but we give deference to the agency's interpretation of its statute and regulations, "unless its interpretation is unreasonable or is inconsistent with the statutory [or regulatory] language or purpose." *Id*. at 991 (internal quotation marks and citation omitted).

D.C. Code § 2-1403.01 (c) (2012 Repl.) authorizes OHR and the Commission on Human Rights to promulgate and issue regulations to carry out their responsibilities. The regulatory provision pertaining to the probable cause determination concerning private complaints alleging unlawful discriminatory practices is found at 4 DCMR § 716.1 (2013): "A finding of probable cause shall be based upon credible, probative, and substantial evidence which demonstrates a nexus between the harm complained of and the protected characteristic or activity of the complainant."[2]

---

[2] We note that OHR applied the definition of probable cause found in 4 DCMR § 499 (2013). That definition, found in Chapter four of Title 4 of the DCMR applies to contested cases involving allegations of unlawful discrimination

(continued…)

The probable cause determination must not be confounded with the preponderance of the evidence standard of proof required to sustain a discrimination complaint following adjudication. *See Smith*, *supra*, 77 A.3d at 997 (stating that appellant has not proven some element of her claim "confuses the probable cause standard at the threshold of a proceeding with the higher standard of proof by a preponderance of the evidence that applies at a full-fledged administrative adjudication of the charge of discrimination") (citing *Sparrow v. District of Columbia Office of Human Rights*, 74 A.3d 698, 706 (D.C. 2013)). "[A]pplying the probable cause standard requires consideration of whether [the complainant's] version of events was reasonable, not whether [he or she] failed to disprove [employer's] version of events." *Smith*, *supra*, 77 A.3d at 997 (citing *Sparrow*, *supra*). If the complainant's claims are "'reasonable' and make out a *prima facie* case . . ., there is probable cause to take the next step in the process" where the claimant "has the burden to prove her claims by a preponderance of the evidence" during a full hearing.[3] *Id*. at 997-98.

_____

(…continued)
by District of Columbia agencies, not to private complaints alleging unlawful discrimination.

[3] If there is a probable cause finding, OHR may attempt conciliation prior to a full hearing. *See* D.C. Code § 2-1403.06 (2012 Repl.)

Based upon the applicable regulatory provision governing probable cause, and upon legal principles we have adopted concerning the probable cause standard in private complaints alleging unlawful discrimination, we hold that OHR imposed an improper burden of proof on Ms. Grove at the probable cause stage of her claim. At the probable cause stage, OHR's duty is to evaluate whether Ms. Grove "provide[d] credible, substantive, and probative evidence" that the allegedly legitimate, non-discriminatory justification given by Loomis "was not the actual reason" for her termination. *Sparrow*, *supra*, 74 A.3d at 707 (citation omitted). However, after determining that Ms. Grove had presented a *prima facie* case of discrimination, OHR imposed on her a higher burden of demonstrating or proving that Loomis' justification of her termination was a pretext for discrimination. OHR also placed on Ms. Grove the burden of persuading it that a "similarly situated" person outside of her protected class was treated more favorably. Indeed, OHR declared that Ms. Grove failed to demonstrate or prove that the employees whom a San Francisco-based administrative assistant supported "were terminated or that [the administrative assistant's] responsibilities could have been successfully absorbed." In short, OHR determined that Ms. Grove had established a *prima facie* case of discrimination, but imposed a higher burden of proof on her than is required at the probable cause stage of the proceedings. *See Smith*, *supra*, 77 A.3d at 997; *Sparrow*, 74 A.3d at 707. Because of the higher burden of proof OHR put on her at

the probable cause stage, Ms. Grove did not have a meaningful opportunity to rebut Loomis' justification for her termination.

Accordingly, for the foregoing reasons, we reverse the decision of the Superior Court and remand this case to OHR for a proper probable cause determination, and further proceedings, as necessary.

*So ordered.*